NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0334n.06

No. 15-6197

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

TELECOM DECISION MAKERS, INC.,

      Plaintiff-Appellant,

v.

ACCESS INTEGRATED NETWORKS, INC.;
BIRCH COMMUNICATIONS, INC., fka Access
Integrated Networks, Inc.; NAVIGATOR
TELECOMMUNICATIONS, LLC,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 17, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
KENTUCKY

BEFORE:    SUHRHEINRICH, DAUGHTREY, and ROGERS, Circuit Judges.

PER CURIAM. Telecom Decision Makers, Inc. ("TDM") appeals a district court order dismissing its complaint against Access Integrated Networks, Inc. ("Access"), Birch Communications, Inc. ("Birch"), and Navigator Telecommunications, LLC ("Navigator") pursuant to Federal Rule of Civil Procedure 12(b)(6). TDM also moves to hold the case in abeyance pending arbitration. TDM's complaint sought various forms of relief, including a declaratory judgement that a contract between TDM and Navigator had been assigned to Birch when it bought most of Navigator's assets. The district court held that TDM's claims were subject to a building arbitration clause in the contract and dismissed the complaint. We find no error and affirm.

In August 2014, TDM filed a complaint in state court in Kentucky that alleged as follows. In 2005, TDM, an independent marketer of telecommunication services for telecommunication providers, contracted with Navigator, a telecommunication service provider. Under the contract, TDM agreed to solicit customers for Navigator's telecommunications

services and to provide support for many of those customers, and Navigator agreed to pay TDM a commission for the active customer accounts that it acquired and supported. The contract stated that, upon the sale of all or substantially all of Navigator's assets, the contract would be assigned to Navigator's successor. A contract addendum stated that Navigator would be responsible to pay TDM commissions for accounts sold by TDM, even after the contract's termination. The contract was terminated in June 2008. In July 2008, Birch, which was owned by Access, notified TDM that it was buying most of Navigator's local and long distance accounts and that the sale did not involve "substantially all" of Navigator's assets. After the sale, Birch allegedly interfered with TDM's relationship with TDM's account customers by asking those customers to deal directly with Birch, rather than TDM. TDM raised the following claims: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) conversion, (4) unjust enrichment, (5) intentional interference with TDM's relationships with Navigator and account customers, (6) intentional interference with prospective economic advantage, and (7) civil conspiracy. TDM sought compensatory and punitive damages, as well as a declaratory judgment stating that the sales agreement was assigned to Birch and that Birch was required to abide by the agreement's terms and conditions, including the payment of commissions to TDM.

The defendants removed the case to federal court pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1). The defendants then moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted, arguing that TDM's claims were, alternatively, untimely, subject to arbitration, and barred by the doctrine of res judicata. The defendants argued that the claims already had been litigated in *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, No. 3:08-CV-609-S (W.D. Ky. 2014). In that case, (1) a jury determined that Navigator's and TDM's contract had been assigned to Birch; (2) the district court denied TDM's motions to amend the complaint to add the tort claims raised in this case; and (3) the district court ordered that any remaining issues be submitted to binding arbitration, as required under the contract. We grant the defendants' motions to take judicial notice of documents filed in that case.

In response to the defendants' motion to dismiss in this case, TDM filed a motion to amend the complaint. In the proposed amended complaint, TDM raised identical claims but added Kinser & Kinser, Inc. ("Kinser"), an alleged account customer brought in by TDM, as a defendant. TDM simultaneously moved to remand the case to state court because the inclusion of Kinser as a defendant prevented the parties from being completely diverse and thus eliminated the basis for diversity jurisdiction.

The district court denied TDM's motions to amend and remand, determining that TDM had added Kinser as a defendant only to destroy diversity jurisdiction. The district court also granted the defendants' motion to dismiss, concluding that the parties were subject to the contract's binding arbitration provision. The court did not address the *res judicata* argument. On appeal, TDM argues that the district court abused its discretion in denying the motion to amend and that the district court erred in dismissing TDM's claims because its tort claims and its claims against Kinser were not subject to arbitration.

TDM argues that under Federal Rule of Civil Procedure 15(a), the district court abused its discretion in denying its motion to amend the complaint, based not on any specific legal theory but only on the assertion that denial of the motion to amend "was neither equitable nor just." However, the district court's decision was in fact governed by 28 U.S.C. § 1447(e), under which a district court may deny a plaintiff's motion to join a defendant whose joinder would destroy subject-matter jurisdiction. A district court may base its discretionary determination under § 1447(e) on the following factors: (1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors. *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999). TDM's joinder of nondiverse defendant Kinser, its simultaneous motion to remand the case to state court, and its failure to include any additional claims in its amended complaint indicate that TDM filed the motion to amend with the intent to destroy federal jurisdiction. Additionally, TDM has not shown why it did not include Kinser, one of its own customers, in its initial

complaint and does not seek redress for damages or equitable relief from Kinser. Finally, TDM has not shown that it was significantly injured by the district court's denial of its motion to amend, nor has it demonstrated the existence of any other equitable factors. Accordingly, TDM has not shown that the district court abused its discretion in denying its motion to amend. *See Bailey*, 563 F.3d at 309.

TDM also argues that its claims against Kinser and its claims alleging intentional interference are outside of the scope of the contract's arbitration provision. TDM contends that, as a result, these claims are beyond the authority of an arbitrator to resolve, and thus the district court erred in dismissing the action based on the arbitration provision. TDM does not otherwise challenge the district court's grant of the defendants' motion to dismiss.

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Federal Arbitration Act reflects a strong federal policy in favor of arbitration agreements. *See Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "Courts thus review questions of arbitrability de novo, but with a thumb on the scale in favor of arbitration." *Solvay Pharm. v. Duramed Pharm.*, 442 F.3d 471, 478 (6th Cir. 2006).

The arbitration provision at issue states, "Any dispute arising out of or relating to this Agreement shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association." After noting the broadness of the arbitration provision and the public policy favoring arbitration, the district court determined that TDM's tort claims were covered by the arbitration provision because they involved the same operative facts as TDM's breach-of-contract claims. Indeed, we have held that "[w]hen faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration. . . . [I]n such a case, only an express

provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators." *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) (emphasis in original) (quoting *Solvay Pharms.*, 442 F.3d at 482 n.10). A district court may analyze whether an issue is within the scope of an arbitration provision by asking whether a plaintiff could pursue an action without referring to the contract or relationship at issue. If so, the issue is likely outside the arbitration provision's scope. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). Real torts may be covered by arbitration provisions if the allegations underlying the tort claims "touch matters" covered by the contract. *Id.* (quoting *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir.1987)); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 624 n.13 (1985).

TDM's tortious interference claims relate to the contract at issue. One of TDM's tortious interference claims is based on Birch's alleged interference with TDM's relationship with Navigator. To support this claim, TDM alleged that Birch intended to induce a breach of Navigator's contractual covenant of good faith to enforce TDM's right to commissions. Accordingly, this tortious interference claim is related to the contract at issue.

TDM's other tortious interference claims are also related to the contract at issue. TDM's other tortious interference claims are based on Birch's alleged interference with TDM's relationship with two types of entities: (1) Navigator's end-users and (2) customers with whom TDM sought to commence or continue a business relationship. To support these claims, TDM alleged that around the same time that Birch told TDM that it would not pay TDM commissions under the contract, Birch began interfering with TDM's relationship with end-users, "requesting [that] customers deal directly with Birch" instead of with TDM. TDM's complaint therefore indicates that Birch's alleged interference with TDM's relationships with third parties was connected to Birch's alleged desire to eliminate TDM as the middle man so that Birch could avoid paying TDM commissions under the contract. Accordingly, because the allegations that underlie TDM's tortious interference claims relate to matters covered by the contract, the district

court correctly concluded that "[a]ll of TDM's claims relate to the same operative facts: Birch's purchase of Navigator's contracts and the subsequent fallout."

TDM contends that the district court's conclusion is "contrary to the basic facts of TDM's [c]omplaint." To support this contention, TDM argues that some of its claims "relate to Birch's direct interference with TDM's customers prior to, subsequent to, and outside of the assignment of" TDM's contract with Navigator. This contention lacks merit. TDM does not point to any allegations in its complaint that support TDM's contention that Birch's alleged interference with TDM's customers was unconnected to Birch's desire to avoid paying TDM commissions under the contract. Accordingly, TDM has not shown that the district court erred in determining that its claims were subject to arbitration, and thus it has not shown that the district court erred in dismissing its complaint pursuant to Rule 12(b)(6).

Moreover, after this appeal was briefed, TDM submitted its claims to arbitration and now seeks to hold this appeal in abeyance because "the parties will have the opportunity to address all causes of action and all potential defenses in the pending Arbitration." TDM cannot simultaneously maintain that the district court erred in concluding that its claims were arbitrable and nevertheless argue for abeyance on the grounds that its claims are being addressed in arbitration.

The defendants' motions to take judicial notice are **GRANTED.** TDM's motion to hold this case in abeyance is **DENIED**. The district court's order is **AFFIRMED**.